UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA RICE,

Plaintiff,

v.

SUNRISE COMMUNITY, INC.

Defendant.

Case No:

COMPLAINT

Plaintiff, RHONDA RICE ("Plaintiff"), by and through undersigned counsel, sues Defendant, SUNRISE COMMUNITY, INC. ("Defendant" or "Sunrise"). Plaintiff was employed by Defendant as a manager and during her employment she made a complaint of suspected abuse directly to the Florida Abuse Hotline. Defendant then fired Plaintiff in retaliation for her complaints about abuse. and alleges as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Rhonda Rice, is a natural person and resident of the State of Florida.

2. Defendant, Sunrise Community, Inc., is a corporation doing business in the State of Florida with a principal place of business at Miami,

Florida and a facility in Hillsborough County, Florida. Defendant employs more than 50 people within a 75 mile radius of its Hillsborough County, Florida location.

3. At all times material, Defendant employed Plaintiff in Defendant's Hillsborough County, Florida facility and exercised control over the terms and conditions of her employment.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court because the events giving rise to these claims occurred in this judicial district and Defendant conducts business within this district.

7. At all relevant times, Plaintiff was an employee of Defendant within the meaning of applicable Florida and federal employment laws.

8. All conditions precedent to the filing of this action have been satisfied, waived, or excused.

## STATEMENT OF FACTS

9. Plaintiff was employed by Defendant as a manager responsible for overseeing staff and ensuring compliance with policies and procedures relating to the care of vulnerable individuals.

10. As part of her role, Plaintiff was a mandatory reporter required by Florida law to report suspected abuse or neglect.

11. On December 4, 2024, an individual receiving services at Defendant's facility reported to Plaintiff and another staff member that he had been pushed onto his bed and struck in the head with a broom by a staff member

12. Upon receiving this report, Plaintiff immediately notified her supervisor and the agency nurse and contacted the Florida Department of Children and Families ("DCF") through the Florida Abuse Hotline to report the suspected abuse

13. Following Plaintiff's report, the staff member accused of the alleged abuse was removed from the work schedule and placed on administrative leave.

14. Plaintiff made the report in good faith and in the performance of her responsibilities as a mandatory reporter under Chapter 39, Florida Statutes.

15. On April 17, 2025, Plaintiff received a telephone call from a new Direct Support Professional ("DSP"), Nya Andrews, who reported that another

DSP had locked an individual with disabilities inside his room and pushed a couch against the door, preventing the individual from leaving

16. Plaintiff immediately instructed another employee, Zaniya, to prepare a written statement concerning the incident. Plaintiff then forwarded the statement to her direct supervisor, Sonny Sullivan, on April 17, 2025

17. Plaintiff also followed the chain of command and contacted the Area Director regarding the incident. The Area Director had a personal relationship with the DSP involved.

18. During the telephone conversation, Plaintiff overheard the Area Director ask whether she had asked Dymond about the incident. At the Area Director's direction, Plaintiff contacted Dymond, who apologized and stated that she had only been trying to keep the individual out of the kitchen.

19. When Plaintiff relayed Dymond's response to the Area Director, he dismissed the incident and instructed Plaintiff to conduct an in-service training with Dymond rather than further address the reported conduct

20. On January 3, 2025, Plaintiff contacted Norma Israel in Defendant's Compliance Department to report concerns regarding the Area Director's conduct and her fear of retaliation based on her prior experiences with him.

21. During that conversation, Israel informed Plaintiff that Compliance had received numerous complaints concerning the Area Director and that Human Resources would conduct an unannounced workplace visit in January 2025. Israel instructed Plaintiff not to disclose the planned visit.

22. The Area Director refused Plaintiff's requests to meet and discuss the issues she had raised.

23. Plaintiff was routinely excluded from workplace recognition and acknowledgment provided to other managers by the Area Director, despite Plaintiff's strong performance and assistance to other managerial staff. The Area Director openly displayed hostility toward Plaintiff in comparison to similarly situated managers.

24. On May 6, 2025, Plaintiff's husband, who was also employed by Defendant, was placed on administrative leave.

25. On May 27, 2025, Plaintiff's husband was terminated based on unsubstantiated allegations, as part of a pattern of retaliatory conduct directed at Plaintiff and her family.

26. Shortly thereafter, Plaintiff was called into a meeting with upper management.

27. During the termination meeting, Plaintiff asked Lisa, the Director of Human Resources, why her employment was being terminated. Plaintiff

was told that Defendant was not required to provide an explanation for the termination.

28. Within approximately one hour of Plaintiff's termination, Defendant disabled Plaintiff's work phone and email access.

29. As a result, Plaintiff permanently lost access to personal files stored on her work devices, including sentimental and irreplaceable personal property, such as photos and documents relating to her sister's passing.

30. On February 20, 2025, Plaintiff requested leave under the Family and Medical Leave Act ("FMLA") to care for her father, who was suffering from a serious health condition and was in hospice.

31. On February 24, 2025, Defendant issued a Notice of Eligibility informing Plaintiff that she was eligible for FMLA leave.

32. On March 3, 2025, Defendant issued a Designation Notice formally approving Plaintiff's FMLA leave and confirming that leave taken to care for her father would be designated as FMLA-protected leave

33. Defendant therefore had actual knowledge of Plaintiff's approved FMLA leave before terminating her employment on June 12, 2025.

34. Defendant's actions were taken in retaliation for Plaintiff's protected activities, including reporting suspected abuse, raising internal complaints of misconduct, and exercising protected leave rights.

## COUNT I
## RETALIATION FOR REPORTING SUSPECTED ABUSE
## Violation of Florida Statute 39.203

35. The allegations of paragraphs 1 through 34 as set forth above are re-alleged in full and incorporated herein by reference.

36. Plaintiff was employed by Defendant and was a mandatory reporter as described by Chapter 39, Florida Statutes.

37. Plaintiff was legally required to report any suspicion of abuse or neglect to the Florida Abuse Hotline.

38. In or about December 2024, Plaintiff reported suspected abuse and neglect to the Florida Abuse Hotline in good faith.

39. Plaintiff's reports constituted protected activity under Florida law.

40. Defendant became aware of Plaintiff's protected reports.

41. Defendant then retaliated against Plaintiff by terminating Plaintiff because Plaintiff reported suspected abuse and neglect to the Florida Abuse Hotline.

42. Defendant terminated Plaintiff because of and in direct retaliation for her protected reporting activity.

43. Defendant's actions constitute unlawful retaliation.

44. As a direct and proximate result, Plaintiff suffered damages including lost wages, lost benefits, emotional distress, and other economic losses.

## COUNT II
## FMLA INTERFERENCE
## Violation of the Family and Medical Leave Act

45. The allegations of paragraphs 1 through 34 as set forth above are re-alleged in full and incorporated herein by reference.

46. Plaintiff was entitled to protections under the FMLA due to her approved intermittent leave to care for her father in hospice.

47. Defendant was aware that Plaintiff was exercising her rights under the FMLA.

48. Defendant interfered with, restrained, and denied Plaintiff's exercise of her FMLA rights.

49. Defendant interfered with Plaintiff's FMLA rights by terminating her employment after she requested and received approval for FMLA-protected leave and by discouraging her from exercising her rights.

50. Defendant's conduct constitutes unlawful interference with Plaintiff's rights under the FMLA.

51. As a direct and proximate result of Defendant's interference, Plaintiff has suffered damages including lost wages, lost benefits, and other compensation.

## COUNT III
## FMLA RETALIATION
## Violation of the Family and Medical Leave Act

52. The allegations of paragraphs 1 through 34 as set forth above are re-alleged in full and incorporated herein by reference.

53. Plaintiff engaged in protected activity by exercising her rights under the FMLA.

54. Defendant was aware of Plaintiff's protected activity.

55. Defendant took adverse employment actions against Plaintiff, including termination.

56. Defendant's actions were taken because of and in retaliation for Plaintiff's exercise of her FMLA rights.

57. As a direct and proximate result, Plaintiff has suffered damages including lost wages, benefits, and other compensation.

## DEMAND FOR JURY TRIAL

58. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award:

A. Back pay and lost benefits;

B. Compensatory damages;

C. Liquidated damages where permitted;

D. Attorney's fees and costs;

E. Pre-judgment and post-judgment interest;

F. Any other relief the Court deems just and proper.

RESPECTFULLY submitted this November 12, 2026.

***/S/ Kyle J. Lee***
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Team@KyleLeeLaw.com